UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| Brent Renison | Elizabeth Stevens<br>Sheri Glaser | | |

**Proceedings:** **Plaintiffs' Motion for a Preliminary Injunction** (filed 11/28/07)

## I.    INTRODUCTION

On August 30, 2007, plaintiffs, on behalf of themselves and others similarly situated, filed the instant putative class action case.  Plaintiffs seek injunctive, declaratory, and mandamus relief against defendants Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"); Emilio Gonzalez, Director of United States Citizenship and Immigration Services ("USCIS"); Condoleezza Rice, United States Secretary of State; and Maura Harty, Assistant Secretary for the Bureau of Consular Affairs, in their official capacities (collectively, "defendants" or the "government").  The complaint alleges that defendants wrongfully determined that plaintiffs are not entitled to immediate relative status for purposes of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1151 et seq.  Plaintiffs request that the Court compel defendants (1) to find, as a matter of statutory construction, that plaintiffs are "immediate relative" spouses for purposes of the INA; (2) to reopen and adjudicate their deceased citizen spouses' immigrant visa petitions; and (3) to reopen and adjudicate (a) plaintiffs' applications for adjustment of status or (b) plaintiffs' immigrant visa applications.

On November 13, 2007, defendants moved to dismiss the complaint, arguing, inter alia, that the complaint fails to state a claim upon which relief may be granted with respect to plaintiffs residing outside of the Ninth Circuit.  According to defendants, the Board of Immigration Appeals' decisions are binding on the DHS.  These decisions hold that an alien whose United States citizen spouse dies before the couple's two-year marriage anniversary is not a "surviving spouse" for purposes of the INA.  Matter of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

Varela, 13 I. & N. Dec. 453 (B.I.A. 1973); Matter of Sano, 19 I. & N. Dec. 299 (B.I.A. 1985). Defendants argued that where a United States Court of Appeals renders a decision that is contrary to the position of the Board of Immigration Appeals', that decision must be followed only as to cases arising within the circuit in which the case was decided. However, defendants follow the Board of Immigration Appeals' position for cases arising outside the circuit, which has decided a case contrary to the interpretation of the Board of Immigration Appeals. Defendants further assert that a federal district court's ruling is binding only as to the particular case before the court. Defendants thus argued that they were not required to follow the Ninth Circuit's decision in Freeman v. Gonzales, 444 F.3d 1031 (9th Cir. 1997), for cases arising outside of the jurisdiction of the Ninth Circuit. In Freeman, the Ninth Circuit held that "an alien widow [or widower] whose citizen spouse filed the necessary immediate relative petition form but died within two years of the qualifying marriage nonetheless remains a spouse for purposes of 8 U.S.C. § 1151(b)(2)(A)(i), and is entitled to be treated as such when DHS adjudicates her [or his] adjustment of status application." Freeman, 444 F.3d at 1034.

On November 28, 2007, plaintiffs filed their present motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). Defendants filed their opposition thereto on January 8, 2008. Plaintiffs filed a reply on January 18, 2008.

A hearing was held on defendants' motion to dismiss and on plaintiffs' motion for a preliminary injunction on January 28, 2008. The Court continued defendants' motion to dismiss to March 3, 2008. The Court also continued plaintiffs' present motion for a preliminary injunction to March 31, 2008. Then, by order dated February 19, 2008, the Court continued plaintiffs' motion for a preliminary injunction to April 7, 2008, pursuant to a stipulation of the parties.

On March 3, 2008, a hearing was held on defendants' motion to dismiss. Thereafter, by order dated March 17, 2008, the Court denied defendants' motion to dismiss the claims of plaintiffs residing outside of the jurisdiction of the Ninth Circuit. March 17, 2008 Order (Docket No. 36) at 32, and granted plaintiffs leave to add allegations challenging the legality of 8 C.F.R. § 205.1(a)(3)(C)(3). The Court held that defendants did not offer an appropriate jurisdictional basis which would prevent the Court from adjudicating the claims of the plaintiffs residing outside of the jurisdiction of the Ninth Circuit, and that defendants had waived any improper venue arguments. Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

30. The Court further held that although Ninth Circuit law does not bind it with respect to these plaintiffs, Freeman is persuasive authority. Id. at 31.

A hearing was held on plaintiffs' motion for a preliminary injunction on April 7, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A preliminary injunction is appropriate when the moving party shows either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in the moving party's favor. See Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987). These are not two distinct tests, but rather "the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" Id. A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## III.   DISCUSSION

Plaintiffs who filed I-485 applications for adjustment of status to lawful permanent resident, move, on behalf of themselves and all other similarly situated, for a preliminary injunction prohibiting defendants from withholding Employment Authorization Documents ("EADs") and Advance Parole Travel Documents ("APs"). Plaintiffs also request a preliminary injunction prohibiting defendants from initiating removal proceedings.

As a preliminary matter, because no class has been certified in this case, the Court does not grant class-wide injunctive relief. Accordingly, the Court addresses plaintiffs' motion as it pertains to the named plaintiffs.

### A.    PROHIBITION OF WITHHOLDING OF EADs AND APs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

Assuming <u>arguendo</u> that the Court may prohibit defendants from withholding EADs and APs, the Court concludes that plaintiffs have not made a sufficient showing to justify its doing so.

First, plaintiffs have not sufficiently demonstrated that they will be irreparably harmed. Among other things, it appears that some plaintiffs have valid EADs. Nor is there any evidence supporting plaintiffs' contention that they were working or that they need to work. Finally, there is no evidence showing that plaintiffs need to travel.

Second, for the same reasons, plaintiffs have not demonstrated that the balance of hardships tips in their favor.

### B. PROHIBITION OF REMOVAL PROCEEDINGS

#### 1. JURISDICTION

Defendants argue that 8 U.S.C. § 1252(g) deprives the Court of jurisdiction to enter a preliminary injunction prohibiting the initiation of removal proceedings.

8 U.S.C. § 1252(g) provides that except under certain limited circumstances not present here, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." The United States Supreme Court has explained that "[8 U.S.C. § 1252(g)] applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" <u>Reno v. American-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 482 (1999) (emphasis in original). "Because those three terms are to be read narrowly and precisely, [8 U.S.C.] § 1252(g) does not proscribe review over even the generality of deportation matters, much less other collateral decisions, which may be reached on the path to such action. <u>Evangelical Lutheran Church in Am. v. INS</u>, 288 F. Supp. 2d 32, 43 (D.D.C. 2003) (internal quotations and citations omitted) (plaintiffs claimed that INS' interpretation of 8 C.F.R. § 214.1(c)(4) was arbitrary and capricious, in violation of the APA, and that it constituted a de facto revocation of the regulation without any prior notice or opportunity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

for public comment, in violation of the APA, the Freedom of Information Act, 5 U.S.C. § 552, and the Due Process Clause, and the court found, where removal proceedings had not yet been initiated, that 8 U.S.C. § 1252(g) did not prevent it from entering a preliminary injunction preventing the government from taking any adverse actions against the plaintiffs during the pendency of the litigation); see also Catholic Soc. Services, Inc. v. INS, 232 F.3d 1139, 1150 (9th Cir. 2000) (concluding that 8 U.S.C. § 1252(g) does not apply "to all claims relating in any way to deportation proceedings").

In Reno v. American-Arab Anti-Discrimination Committee, et al., 525 U.S. 471 (1999), the United States Supreme Court found that 8 U.S.C. § 1252(g) deprived the district court of jurisdiction to adjudicate a suit against the Attorney General and other federal parties for allegedly violating the plaintiffs' First and Fifth Amendment rights by targeting the plaintiffs for deportation because of their affiliation with the Popular Front for the Liberation of Palestine. Id. at 487. The Court observed that there may exceptions to the general rule of divestiture, for example, in a "rare case in which the alleged basis of discrimination is [] outrageous." Id. at 491. However, the Court found that "[w]hen an alien's continuing presence in this country is in violation of the immigration laws, the Government does not offend the Constitution by deporting him for the additional reason that it believes him to be a member of an organization that supports terrorist activity." Id. at 491-92; see also American-Arab Anti-Discrimination Comm. v. Ridge, 2003 U.S. Dist. LEXIS 25100, at *14-15 (C.D. Cal. 2003) (concluding that pursuant to 8 U.S.C. § 1252(g), the court did not have jurisdiction to hear plaintiffs' constitutional challenges to the timing of and decision to commence removal proceedings); Momtazian v. Ashcroft, 2002 U.S. Dist. LEXIS 27263, at *8 (C.D. Cal. 2002) (where plaintiff challenged special call-in registration procedures, the court declined to issue a preliminary injunction, holding, inter alia, that the plaintiff "has not demonstrated that he has been detained for some improper reason beyond the jurisdiction of the INS, nor should the Court interfere with the administrative discretion to commence proceedings or adjudicate the case against this plaintiff"); Saleh Jafar Roudnahal v. Ridge, 310 F. Supp. 2d 884, 891 (D. Ohio 2003) (concluding that 8 U.S.C. § 1252(g) divested the court of jurisdiction to hear plaintiffs' claims challenging defendants' attempt to remove them from the United States as violative of constitutional, statutory, and regulatory law).

Unlike American-Arab Anti-Discrimination Committee, et al., the claims here do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

not arise from the Attorney General's decision to initiate removal proceedings. Rather, plaintiffs' claims arise from USCIS' allegedly erroneous interpretation of 8 U.S.C. § 1115(b)(2)(A)(i), and from plaintiffs' challenge to 8 C.F.R. § 205.1(a)(3)(C)(2), as an impermissible interpretation of 8 U.S.C. § 1155. See Catholic Soc. Servs. v. Reno, 134 F.3d 921, 927 (9th Cir. 1997) (finding that 8 U.S.C. § 1252(g) did not prevent the district court from issuing a preliminary injunction enjoining the government from executing final orders of removal or from revoking or denying any class member's work authorization, where plaintiffs filed a class action challenging the INS' advance parole policy as inconsistent with the Immigration Reform and Control Act of 1986 and challenging § 377 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 as inconsistent with the equal protection component of the Due Process Clause of the Fifth Amendment); Walters v. Reno, 145 F.3d 1032, 1052 (9th Cir. 1998) ("Because the district court clearly had jurisdiction to hear the claims regarding constitutional violations in the context of the document fraud proceedings, it had jurisdiction to order adequate remedial measures, including injunctive provisions that ensure that the effects of the violation do not continue."); Barahona-Gomez v. Reno, 167 F.3d 1228, 1234 (9th Cir. 1999) (finding that district court had jurisdiction to grant injunctive relief to the certified class "staying deportation pending resolution of their constitutional claims").

On April 4, 2008, plaintiffs notified this Court that USCIS has initiated removal proceedings against Angulo. It appears that USCIS has done so based on its denial of Angulo's deceased citizen spouse's I-130 petition and Angulo's I-485 application for adjustment of status. This denial in turn appears to based on USCIS' determination that Angulo is not a "surviving spouse" for purposes of the INA. At the hearing held herein, defendants' counsel conceded, that to her knowledge, the foregoing is true. The Court directs defendants to provide, on or before May 1, 2008, the basis upon which USCIS seeks to remove plaintiff Angulo.

Based on the present record, it appears that the only basis for placing the named plaintiffs in removal proceedings is USCIS' determination that the named plaintiffs are out of legal status, which is in turn based on USCIS' determination that plaintiffs are not "surviving spouses" for purposes of the INA. If this is the basis for commencing removal proceedings or for prosecuting pending removal proceedings, the Court concludes that it may prohibit the government from doing so if such action can be said to be in aid of jurisdiction in this case. However, before finally adjudicating the present request for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

preliminary injunction, the Court will consider the reasons underlying USCIS' decision to commence removal proceedings against Angulo.

### 2. MERITS OF PLAINTIFFS' REQUEST FOR A PRELIMINARY INJUNCTION

The Court concludes that in light of Freeman v. Gonzales, 444 F.3d 1031 (9th Cir. 2006), and district court decisions from other jurisdictions agreeing with Freeman, see e.g., Robinson v. Chertoff, 2007 U.S. Dist. LEXIS 34956, at *4 (D. N.J. 2007); Taing v. Chertoff, 2007 U.S. Dist. LEXIS 91411, at *28 (D. Mass. 2007); Lockhart v. Chertoff, 2008 U.S. Dist. LEXIS 889, at *30 (D. Ohio 2008), there are serious questions going to the merits of this case. Specifically, it appears that defendants have improperly determined that the death of a United States citizen spouse before the two-year marriage anniversary of the citizen spouse and alien spouse, deprives the alien spouse of his or her "surviving spouse" status.

If plaintiffs were removed from the United States they would undoubtably be irreparably harmed.

Further, the balance of hardships tips in plaintiffs' favor, in that plaintiffs will suffer serious harm if deported and inappropriately separated from their relatives. On the other hand, defendants will not suffer hardship if they are required to refrain from commencing removal proceedings or from prosecuting pending removal proceedings during the pendency of this action. Defendants argue that they will be harmed if they are enjoined from "enforcing statutes enacted by the duly elected representations of the people." Opp'n at 15 (citing Coalition for Economic Equity v. Wilson, 122 F.3d 718, 719 (9th Cir. 1997) ("Further, balancing the equities, we are persuaded that the State has demonstrated the clear possibility of irreparable injury to its citizens if a stay of the mandate is granted; it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined.")). However, it appears that defendants' decision to initiate removal proceedings is based on their allegedly erroneous determination that plaintiffs are not "surviving spouses"; preventing defendants from improperly enforcing the law does not constitute hardship.

### IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | April 7, 2008 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

In accordance with the foregoing, the Court DENIES plaintiffs' motion for a class-wide preliminary injunction. The Court further DENIES plaintiffs' motion for a preliminary injunction prohibiting defendants from withholding Employment Authorization Documents and Advance Parole Travel Documents. The Court reserves for further consideration, plaintiffs' request for a preliminary injunction prohibiting defendants from commencing removal proceedings against plaintiffs. However, the Court orders that no further adverse action be taken against the named plaintiffs until further order of the Court.

Further, the Court hereby orders supplemental briefing of no more than fifteen (15) pages in length to be filed as follows:

| | |
|---|---|
| **On or by April 28, 2008:** | Plaintiffs' supplemental brief in support of their motion for class certification. |
| **On or by May 1, 2008:** | Defendants' brief explaining the reasons for having commenced removal proceedings against any of the named plaintiffs. |
| **On or by May 12, 2008:** | Defendants' reply to plaintiffs' supplemental brief in support of plaintiffs' motion for class certification. |

Finally, the Court schedules a hearing on plaintiffs' motion for class certification on **June 9, 2008 at 10:00 A.M.**

IT IS SO ORDERED.

00:17
Deputy Clerk: CMJ