UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(In Chambers:) Order Granting Plaintiffs' Motion for Class Certification** (filed 11/28/07)

**I.    INTRODUCTION AND BACKGROUND**

On August 30, 2007, plaintiffs,[1] on behalf of themselves and others similarly situated, filed the instant class action case. On March 20, 2008, plaintiffs filed their operative first amended complaint ("FAC"). Plaintiffs seek injunctive, declaratory, and mandamus relief against defendants Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"); Jonathan Scharfen, Acting Director of United States Citizenship and Immigration Services ("USCIS"), in their official capacities, (collectively, "defendants" or the "government").[2] Further details concerning this action

---

[1] Plaintiffs are Carolyn Robb Hootkins, Ana Maria Moncayo-Gigax, Suzanne Henriette De Mailly, Sara Cruz Vargas de Fisher, Raymond Lockett, Elsa Cecilia Brenteson, Pauline Marie Gobeil, Dahianna Heard, Rose Freeda Fishman-Corman, Khin Thidar Win, Diana Gejac Engstrom, Maria Del Carmen Diaz-Ruiz, Gladys Walsh, Li Ju Lu, Yelena Arias Angulo, Purita Manuel Pointdexter, Tracy Lee Rudl, Dieu Ngoc Nguyen, Agnieszka Bernstein, Sarah Bayor, Stella Standifer, and Farah Batool.

[2] The original complaint also named Condoleezza Rice, United States Secretary of State, and Maura Harty, Assistant Secretary for the Bureau of Consular Affairs, in their official capacities, as defendants. By order dated March 16, 2008, the Court dismissed the United States Department of State as a defendant. The plaintiffs terminated Maura

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

are set forth in the Court's March 28, 2008 Order granting in part and denying in part defendants' motion to dismiss the complaint.

### A.     FIRST CLAIM FOR RELIEF

The FAC alleges that defendants wrongfully determined that plaintiffs are not entitled to immediate relative status for purposes of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1151 et seq.[3] Specifically, it is defendants' position that in order to

---

[2](...continued)
Harty as a defendant when they filed their FAC.

[3] "Immediate relative" is a term defined in 8 U.S.C. § 1154(b)(2)(A)(I):

For purposes of . . . subsection [1154(b)(2)(A)(I)], the term immediate relative means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. In the case of an alien who was the spouse of a citizen of the United States for at least 2 years at the time of the citizen's death and was not legally separated from the citizen at the time of the citizen's death, the alien (and each child of the alien) shall be considered, for purposes of this subsection, to remain an immediate relative after the date of the citizen's death but only if the spouse files a petition under section 204(a)(1)(A)(ii) [8 U.S.C. § 1154(a)(1)(A)(ii)] within 2 years after such date and only until the date the spouse remarries. For purposes of this clause, an alien who has filed a petition under clause (iii) or (iv) of section 204(a)(1)(A) of this Act [8 U.S.C. § 1154(a)(1)(A)] remains an immediate relative in the event that the United States citizen spouse or parent loses United States citizenship on account of the abuse.

8 U.S.C. § 1154(b)(2)(A)(I) (internal quotations omitted).

To receive an immigrant visa by virtue of one's status as an "immediate relative"

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

be considered an "immediate relative" spouse for purposes of 8 U.S.C. § 1115(b)(2)(A)(I), the alien spouse must have been married to his or her petitioning citizen spouse for at least two years. Relying primarily on the Board of Immigration Appeals' (sometimes referred to herein as the "Board") decision in Matter of Varela, 13 I. & N. Dec. 453 (B.I.A. 1973), defendants argue that when an alien's United States citizen spouse dies before the couple's two year marriage anniversary, the alien loses his or her status as a spouse, and must reapply for citizenship.

However, in Freeman v. Gonzales, 444 F.3d 1031 (9th Cir. 2006), the Court of Appeals for the Ninth Circuit rejected this argument, holding that

> an alien widow [or widower] whose citizen spouse has filed the necessary forms to be and to remain an immediate relative (spouse) for purposes of § 1151(b)(2)(A)(I), even if the citizen spouse dies within two years of the marriage. As such, the widowed spouse remains entitled to the process that flows from a properly filed adjustment of status application.

Id. at 1039. District courts from other jurisdictions have agreed with Freeman in concluding that the death of an alien's citizen spouse before the couple's two-year marriage anniversary does not deprive the alien spouse of his or her "immediate relative" status. See e.g., Robinson v. Chertoff, 2007 U.S. Dist. LEXIS 34956, at *4 (D. N.J. 2007); Taing v. Chertoff, 2007 U.S. Dist. LEXIS 91411, at *28 (D. Mass. 2007); Lockhart v. Chertoff, 2008 U.S. Dist. LEXIS 889, at *30 (D. Ohio 2008). No other Court of Appeals has yet rendered a decision on the issue.

---

[3](...continued)
spouse, the alien's United States citizen spouse must first petition the Attorney General, by filing a Form I-130 petition, claiming that the alien spouse is entitled to "immediate relative" status. 8 C.F.R. § 204.1(a)(1). With respect to aliens who entered the United States on a K-1 fiancé visa, the citizen spouse must file a Form I-129F with USCIS. 8 C.F.R. § 214.2(k). The citizen spouse, or a permissible alternative sponsor, must also execute a Form I-864, affidavit of support. 8 U.S.C. § 1182(a)(4)(C)(ii). Further details about this process are set forth in this Court's order granting in part and denying in part defendants' motion to dismiss the complaint. See March 28, 2008 Order at 3-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

      Defendants assert that they are only required to follow Freeman, a United States Court of Appeals' decision that is contrary to the Board's interpretation, in cases that arise within the Ninth Circuit, in which Freeman was decided. Defendants argue that therefore, Freeman is binding law only as to cases that arise within the jurisdiction of the Ninth Circuit. Defendants contend that the Board's decisions govern cases arising outside of the jurisdiction of the Ninth Circuit, and those decisions require USCIS to deny an I-130 petition if the United States citizen spouse died before the two-year marriage anniversary. See Matter of Sano, 19 I. & N. Dec. 299 (B.I.A. 1985); Matter of Varela, 13 I. & N. Dec. 453 (B.I.A. 1970).

      Further, defendants read Freeman narrowly. The November 8, 2007, USCIS Interoffice Memorandum from Mike Aytes, Associate Director of Domestic Operations, USCIS, to the Field Leadership instructs that although USCIS will follow Freeman in the Ninth Circuit, it will do so only if an alien spouse has filed an I-485 application before the death of the alien's citizen spouse. Such a requirement is, according to USCIS, exacted by Freeman because there an I-485 application for adjustment of status had been filed before the death of the citizen spouse.[4] Additionally, USCIS will revoke the post-death approval of an I-130 petition unless the alien spouse can present a request under for humanitarian reinstatement under 8 C.F.R. 205.(a)(3)(i)(C)(2).

      With respect to plaintiffs' challenge to defendants' interpretation of 8 U.S.C. § 1151(b)(2)(A)(i), plaintiffs request that the Court compel defendants (1) to find, as a matter of statutory construction, that plaintiffs are "immediate relative" spouses for purposes of the INA; (2) to reopen and adjudicate their deceased citizen spouses' immigrant visa petitions; and (3) to reopen and adjudicate (a) plaintiffs' applications for adjustment of status or (b) plaintiffs' immigrant visa applications. Plaintiffs also seek an injunction prohibiting defendants from using the death of a citizen spouse as a discretionary factor in the adjudication of I-130 petitions and I-485 applications, and

---

      [4] Plaintiffs argue that Freeman did not condition its ruling on the pre-death filing of an I-485 application for adjustment of status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

from using factors flowing from the unlawful denial of an I-485 application to deny the I-130 petition and I-485 application.

    **B.    SECOND CLAIM FOR RELIEF**

The FAC also challenges the legality of the USCIS rule that requires alien spouses to request humanitarian reinstatement under 8 C.F.R. 205.1(a)(3)(i)(C)(2), and to come forward with a substitute sponsor of support.[5]

In this regard, plaintiffs seek a declaration to the effect that it is improper to revoke the approval of an I-130 petition unless the alien spouse seeks request humanitarian reinstatement under 8 C.F.R. § 205.1(a)(3)(C)(2), and that 8 C.F.R. § 205.1(a)(3)(C)(2) is invalid as a matter of law. Plaintiffs also seek an injunction prohibiting defendants from revoking, in cases in which the United States citizen spouse previously executed a Form I-864, the approval of an I-130 petition under 8 C.F.R. § 205.1(a)(3)(C)(2).

    **C.    PROCEDURAL HISTORY**

On November 28, 2007, plaintiffs filed their instant motion for class certification. Defendants filed their opposition on January 15, 2008. Plaintiffs filed a reply thereto on January 16, 2008. On January 28, 2008, the Court held a hearing on plaintiffs' motion for class certification, and continued the hearing. At the Court's request, the parties filed supplemental briefing. Specifically, plaintiffs filed a supplemental memorandum in support of their motion for class certification on April 28, 2008. On May 19, 2008, defendants filed a response to plaintiffs' supplemental memorandum. On June 30, 2008, the Court held a hearing on plaintiffs' motion, and issued a tentative order. The Court

---

[5] If the citizen spouse dies after the I-130 petition has been approved, but before final decision on the alien's I-485 application, the I-130 petition is automatically revoked. 8 C.F.R. § 205.1. 8 C.F.R. § 205.1(a)(3) affords an exception to this rule of automatic revocation allowing USCIS, at its discretion, to reinstate the I-130 petition for humanitarian reasons if another relative is willing and able to file an affidavit of support, Form I-864, under 8 C.F.R. § 213(a) as a substitute sponsor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

ordered the parties to file proposed class definitions in light of the tentative ruling. Plaintiffs filed their proposed class definition on July 2, 2008. Defendants filed their proposed class definition on July 3, 2008. After carefully considering the parties' arguments, the Court certifies a Ninth Circuit class as set forth below.

## II.   LEGAL STANDARD

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)). Federal Rule of Civil Procedure 23 governs class actions. A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982).

To certify a class action, plaintiffs must set forth prima facie facts that support the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Dunleavy v. Nadler (In re Mego Fir. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." Falcon, 457 U.S. at 155 (quoting Califano v. Yamasaki, 442, U.S. 682, 701 (1979)).

If the district court finds that the action meets the prerequisites of Rule 23(a), the court must then consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b). Plaintiffs seek certification under Rule 23(b)(3). A class is maintainable under Rule 23(b)(3) where "questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members," and where "a class action is *superior* to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998) *(citing* Amchem Products, Inc. v. Windsor,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

521 U.S. 591 (1997)). The predominance inquiry measures the relative weight of the common to individualized claims. Id. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1189 (9th Cir. 2001) (citing Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996)). In determining superiority, the court must consider the four factors of Rule 23(b)(3): (1) the interests members in the class have in individually controlling the prosecution or defense of the separate actions; (2) the extent and nature of any litigations concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely encountered in the management of a class action. Id. at 1190-1993. "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." Id. (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1778 at 535-39 (2d. ed. 1986) (hereinafter "Wright, Miller & Kane")).

### III.  DISCUSSION

#### A.  PROPOSED CLASS

Plaintiffs seek to certify a class consisting of

All beneficiaries of immediate relative petitions whose petitioning relatives died prior to beneficiaries' adjudication and approval of lawful permanent resident status.

FAC ¶ 153.

Plaintiffs also seek to certify two subclasses, defined as follows

Subclass I:   All beneficiaries of immediate relative petitions who applied for adjustment of status in the United States, and whose petitioning relatives died prior to beneficiaries' adjudication and approval of lawful permanent resident

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

status.

Subclass II: All beneficiaries of immediate relative petitions who applied for immigrant visas abroad, and whose petitioning relatives died prior to beneficiaries' adjudication and approval of lawful permanent resident status.

Id.

Defendants argue that the class definition for the proposed nationwide class is over broad. Specifically, defendants argue that the proposed class includes all immediate relatives, not just spouses, i.e., the proposed class also includes the children and parents of United States citizens. The Court agrees. The subject of plaintiffs' FAC, and of this litigation, has been plaintiffs' alleged entitlement to immediate relative spouse status. Further, all class representatives are spouses of United States citizens. Therefore, the Court finds that this litigation must be limited to issues concerning plaintiffs' immediate relative spousal status.

Next, defendants argue that a nationwide class should not be certified because different law will apply to each plaintiff, depending on his or her residence. Specifically, defendants argue that the Ninth Circuit's decision in Freeman is only binding as to cases arising within the jurisdiction of the Ninth Circuit. Defendants argue that the Board's decisions govern cases arising outside of the jurisdiction of the Ninth Circuit. According to defendants, in Matter of Sano, 19 I. & N. Dec. 299 (B.I.A. 1985) and Matter of Varela, 13 I. & N. Dec. 453 (B.I.A. 1970), the Board held that an I-130 petition is to be denied if the United States citizen spouse has died before his or her two-year marriage anniversary. As this Court stated in its March 17, 2008 Order, the Court is mindful of the importance of allowing the government to litigate legal issues before different courts throughout the country. Further, other circuits clearly have an interest in having their own Courts of Appeals decide the question of the proper interpretation of 8 U.S.C. § 1151(b)(2)(A)(i).[6]

---

[6] The Court is aware of three presently pending appeals, in the First, see Taing v. Chertoff, Case No. CV 07-10499 (D. Mass. 2007), Third, see Robinson v. Chertoff, Case

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

In the interest of comity, the Court declines to certify a nationwide class. However, because Ninth Circuit law clearly applies to all cases arising within the jurisdiction of the Ninth Circuit, and because Freeman is binding on this Court as to those cases, the Court will address plaintiffs' motion for class certification as it pertains to cases arising within the jurisdiction of the Ninth Circuit.

### B.   RULE 23(A) REQUIREMENTS

#### 1.   NUMEROSITY

Rule 23(a)(1) requires the members of a proposed class to be so numerous that joinder of all of the class members would be impracticable. Fed. R. Civ. P. 23(a). However, "[i]mpracticability does not mean 'impossibility,' but only the difficulty or inconvenience in joining all members of the class." Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964) (quoting Advertising Specialty Nat. Ass'n v. FTC, 238 F.2d 108, 119 (1st Cir. 1956)).

Defendants do not dispute that the plaintiffs' proposed class is sufficiently numerous to satisfy Rule 23(a)(1). Joinder is impracticable. As such, there is no dispute that the numerosity requirement of Rule 23(a)(1) is therefore met.

#### 2.   COMMONALITY

Commonality requires "questions of law or fact common to the class." Rule 23(a)(2). The commonality requirement is generally construed liberally; the existence of only a few common legal and factual issues may satisfy the requirement. Jordan v.

---

[6](...continued)
No. CV 06-5702 (D. N.J. 2007), and Sixth Circuits, see Lockhart v. Chertoff, Case No. CV 07-823 (D. Ohio 2008), which deal with the issue of the proper interpretation of 8 U.S.C. § 1151(b)(2)(A)(i). In all three cases, the district court agreed with Freeman, and concluded that the death of an alien's citizen spouse before the couple's two-year marriage anniversary did not deprive the alien spouse of his or her "immediate relative" status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

County of L.A., 669 F.2d 1311, 1320 (9th Cir. 1982).

Defendants argue that factual differences between the class representatives' cases and the proposed class members' cases preclude certification. According to defendants, these

> differences include, but are not limited to whether the Plaintiff's I-130 was denied because the spouse died before its adjudication; whether the plaintiff's I-130 was initially approved then revoked after the spouse's death; whether the plaintiff and spouse had been married for more than two years; whether the plaintiff has a substitute for his or her former spouse is willing and able to submit a Form I-864; and whether the plaintiff can demonstrate that his or her marriage to the petitioner was legally valid [sic].

Opp'n at 10.

The Court finds that the class members' claims share common legal issues. These legal issues include the questions of whether the death of an alien's citizen spouse before their two-year wedding anniversary deprives the alien spouse of his or her "immediate relative" status, and whether the alien spouse was required to file an I-485 application before the citizen spouse's death to be entitled to immediate relative status.[7] Further, the Court finds that the class members' claims derive from a common set of salient facts. All class members will have to prove that they married a United States citizen, that the United States citizen spouse filed an I-130 petition on their behalf, and that the United States citizen spouse died before his or her two-year wedding anniversary. The foregoing can be proved on a class-wide basis by submitting proof of a marriage license, a death certificate, and if necessary, an I-864 affidavit of support. The differences that exist here do not justify requiring persons who have been subject to the same harm, based on the

---

[7] As stated above, defendants argue that the alien spouse's failure to file an I-485 application before the citizen spouse's death renders Freeman inapplicable. Plaintiffs, however, argue that Freeman did not condition its ruling on the pre-death filing of an I-485 application for adjustment of status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

same conduct, to prosecute separate actions. The commonality requirement of Rule 23(a)(2) is met. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).

### 3. TYPICALITY

Typicality requires a determination of whether the named plaintiff's claims are typical of those of the proposed class that they seek to represent. Rule 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020; Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D. Cal. 1985) ("A plaintiff's claim meets this requirement if it arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory").

According to defendants, plaintiffs' declarations demonstrate that each of their claims is predicated on its own unique factual circumstances, which facts include

> (1) lawful entry into the United States or remaining aborad [sic] for consular processing, (2) marriage to a United States citizen, (3) Plaintiffs' former spouse filing an I-130 petition on their behalf, (4) Plaintiffs' former spouse's death, and (5) Plaintiffs becoming "subject to defendants' automatic termination practices.

Supplemental Opp'n at 9. Defendants assert that the declarations also show that this litigation will focus on defenses that are unique to certain plaintiffs. Finally, defendants argue that some of named plaintiffs are inadequate class representatives. Specifically, defendants contend that plaintiffs whose I-130 petition and I-485 application have not been adjudicated should not represent class members whose petitions and applications have been denied, and that plaintiff De Mailly, who was self-removed and under 8 C.F.R. § 1003.23(b)(1) cannot reopen her case, is not an appropriate class representative.[8]

---

[8] 8 C.F.R. § 1003.23(b)(1) states in pertinent part

A motion to reopen or to reconsider[, before the Board,] shall not be made

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

The typicality requirement is designed to assure that the class representatives' interests are aligned with the interests of the class. Here, the challenged conduct -- USCIS' interpretation of Freeman -- similarly affects all class members. Because the class representatives' claims arise from the same practice or conduct that forms the basis of the class claims, and because the claims are predicated on the same legal theory, the factual differences that do exist are insufficient to defeat typicality. See Smith v. B & O R.R., 473 F. Supp. 572, 581 (D. Md. 1979). To the extent that a named plaintiff may be subject to a defense that is unique to that plaintiff, the Court finds that because these defenses do not "threaten to become the focus of the litigation," they are not a basis for denying class certification. Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).

### 4. ADEQUACY OF REPRESENTATION

The adequacy of representation requirement of Rule 23(a)(4) involves a two-part inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020.

Defendants argue that the class representatives "have different interests than the interests of the proposed class members[] because of the diverse and disparate nature of the proposed class." Opp'n at 15.

Defendants' argument is unpersuasive. It does not appear that there are any conflicts between the named plaintiffs and other members of the proposed class; their interests are aligned because the named plaintiffs, like members of the proposed class, seek a determination that they are immediate relative spouses for purposes of the INA. Defendants do not appear to dispute that plaintiffs' counsel are able to prosecute this

---

[8](...continued)
by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

action vigorously. The Court concludes that the named plaintiffs and their counsel will adequately represent the class. Accordingly, the requirements of Rule 23(a) are satisfied. The Court next turns to the requirements of Rule 23(b)(3).

### B. RULE 23(B)(3) REQUIREMENTS

Certification under Rule 23(b)(3) is proper "whenever the actual interests of the parties can be served best by settling their differences in a single action." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998) (internal quotations omitted). As noted above, Rule 23(b)(3) calls for two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The latter requirement requires consideration of the difficulties likely to be encountered in the management of this litigation as a class action, including, especially, whether and how the case may be tried. In making these determinations, the Court does not decide the merits of any claims or defenses, or whether the plaintiffs are likely to prevail on their claims. Rather, the Court must determine whether plaintiffs have shown that there are plausible class-wide methods of proof available to prove their claims.

#### 1. PREDOMINANCE AND COMMONALITY

"Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." See Valentino, 97 F.3d at 1234. Thus, the Court must determine whether common issues constitute such a significant aspect of the action that "there is a clear justification for handling the dispute on a representative rather than on an individual basis." 7A Wright, Miller, & Kane § 1778 (3d ed. 2005). For the proponent to satisfy the predominance inquiry, it is not enough to establish that common questions of law or fact exist, as it is under Rule 23(a)(2)'s commonality requirement -- the predominance inquiry under Rule 23(b) is more rigorous. Amchem Prods., Inc., 521 U.S. at 624. The predominance question "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Id. at 623. The Court, therefore, must balance concerns regarding the litigation of issues common to the class as a whole with questions affecting individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

class members. Abed v. A. H. Robins Co. (In re Northern District of California, Dalkon Shield IUD Products Liability Litigation), 693 F.2d 847, 856 (9th Cir. 1982).

The primary issue in this case, with respect to plaintiffs whose cases arise within the jurisdiction of the Ninth Circuit, is (1) the proper interpretation of "immediate relative" spouse for purposes of 8 U.S.C. § 1154(a)(1)(A)(ii) and (2) the proper interpretation of Freeman. Adjudication of this common issue in one action will help achieve economy and efficiency. Although there are issues that may affect individual class members, at this stage of the litigation, those issues do not appear to interfere with the predominance of the common issue. Thus, a class should be certified in this case. If in further development of the litigation it becomes apparent that individual issues predominate, then decertification may be appropriate.

## 2. SUPERIORITY

In addition to a predominance of common questions, a class proponent must also demonstrate that the class action is superior to other methods of adjudicating the controversy. See Valentino, 97 F.3d at 1235 (explaining that the party seeking certification needs to make a "showing [as to] why the class mechanism is superior to alternative methods of adjudication"). A class action may be superior where "class-wide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino, 97 F.3d at 1234. Rule 23(b)(3) provides the following non-exhaustive list of four factors to consider in this assessment:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
(D) the difficulties likely to be encountered in the management of a class action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

Fed. R. Civ. P. 23(b)(3).

The greater the number of individual issues to be litigated, the more difficult it will be for the court to manage the class action. See, e.g., Dalkon Shield, 693 F.2d at 856. Thus, a class action is improper where an individual class member would be compelled to try "numerous and substantial issues to establish his or her right to recover individually, after liability to the class is established." Schwarzer et al., supra, at § 10:361. On the other hand, the fact that individual members seek separate damages is not fatal to class treatment. Id.

Defendants argue that a class action is not appropriate in this case because "[t]here are factual disparities that affect each individual's adjudication; and each class member has an interest in ensuring the Court's decision is based on his or her individual factual scenario." Opp'n at 18.

As stated above, the overarching issue in this case is whether defendants have denied plaintiffs "immediate relative" status by improperly interpreting (1) the phrase "immediate relative" spouse for purposes of the INA and (2) the Freeman decision. Each plaintiff complains of defendants' determination that they are not immediate relative spouses for purposes of the INA. Additionally, because this class will consist only of persons whose cases arose within the jurisdiction of the Ninth Circuit, this Court is an appropriate forum to resolve the claims at issue. Finally, the complexities of class action treatment do not weigh against class certification.

## IV. CONCLUSION

In accordance with the foregoing, the Court provisionally GRANTS plaintiffs' motion for class certification as to plaintiffs whose cases arise within the jurisdiction of the Ninth Circuit. The class is as follows

> All aliens whose United States citizen spouse died before the couple's two-year wedding anniversary, and whose citizen spouse filed an I-130 petition and a Form I-864 or I-864EZ affidavit of support on behalf of the alien spouse, so long as he or she can also demonstrate that (1) the Form I-130

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5696 CAS (MANx) | Date | January 6, 2009 |
|---|---|---|---|
| Title | Carolyn Robb Hootkins, et al. v. Michael Chertoff, U.S. Department of Homeland Security, et al. | | |

petition is now pending with or was adjudicated by a USCIS office located within the jurisdiction of the Ninth Circuit, or (2) at the time of the citizen spouse's death, either the citizen spouse or the alien spouse resided within the jurisdiction of the Ninth Circuit.

The Court further certifies a subclass of alien spouses who entered the United States on fiancé visas. This subclass is as follows

All aliens who, within ninety days of admission to the United States as a nonimmigrant fiancé, married the petitioning United States citizen, and whose citizen spouse died before the couple's two-year wedding anniversary, so long as he or she can also demonstrate that the citizen spouse filed an I-129F petition and a Form I-864 or I-864EZ affidavit of support on behalf of the alien spouse, and (1) the Form 1-129F petition is now pending with or was adjudicated by a USCIS office located within the jurisdiction of the Ninth Circuit, or (2) at the time of the citizen spouse's death, either the citizen spouse or the alien spouse resided within the jurisdiction of the Ninth Circuit.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |